(Judge Beer, of the Third Circuit, taking the place of Judge Follett.)

FRANK E. YOUNG v. H. R. SPENCER ET AL.

ACTION TO RECOVER UPON A SUPERSEDEAS BOND.

> Young recovered a judgment against "The Young Surgical Chair Company," in the court of common pleas. To reverse this judgment, The Young Surgical Chair Company filed a petition in error in the circuit court, giving bond under sec. 6718, Rev. Stat., for stay of execution. The circuit court affirmed the judgment. To reverse the latter judgment, The Young Surgical Chair Company filed a petition in error in the Supreme Court, giving another bond under sec. 6718, for stay of execution. Young, the judgment creditor, obtained leave to enforce his judgment, giving a restitution bond under sec. 6722. He caused an execution to be issued, upon which the officer made return of no property found; Young then commenced an action against the sureties on the first supersedeas bond, while the petition in error was still pending in the Supreme Court: *Held*, Young cannot recover upon the supersedeas bond, until his judgment has been affirmed by the Supreme Court.

ERROR to the Court of Common Pleas of Stark county.

The facts are stated in the opinion of the court.

BEER, J.

At the January term, A. D. 1887, of the court of common pleas, of this county, Young recovered a judgment against The Young Surgical Chair Company.

The Young Surgical Chair Company filed a petition in error in the circuit court, to obtain a reversal of the judgment of the court of common pleas, and to obtain a stay of execution, as provided for in sec. 6718, Rev. Stat., gave their undertaking conditioned according to law.

The circuit court affirmed the judgment of the court of common pleas, and remanded the cause to the court of common pleas for execution. To reverse the judgment of the circuit court, The Young Surgical Chair Company filed a petition in error in the Supreme Court, and gave an undertaking conditioned according to law for further stay of execution under sec. 6718, Rev. Stat.

After the giving of the undertaking last above named, Young made application and obtained leave under sec. 6722, to enforce the judgment notwithstanding the supersedeas bond which had been given for stay of execution, and giving a restitution bond to The Young Surgical Chair Company.

For the purpose of enforcing the judgment, Young filed his petition in the court of common pleas, against the defendants who are the sureties of The Young Surgical Chair Company, upon the bond given for a stay of execution while the cause was pending in the circuit court, alleging the execution of the bond, giving a copy thereof, and that the judgment was affirmed by the circuit court.

The defendants, for answer, allege the filing of the petition in error in the Supreme Court and the additional bond for further stay of execution.

The plaintiff demurred to the answer, and the court overruled the demurrer. To the overruling of the demurrer the plaintiff excepted.

The plaintiff, for reply to the answer, sets up the leave granted to enforce the judgment under sec. 6722, and the giving of his restitution bond.

The defendant demurred to the reply. The court of common pleas sustained the demurrer, and the plaintiff not desiring to plead further, the court rendered udgment for defendants.

To reverse the judgment of the court of common pleas, the plaintiff has filed his petition in error in this court, alleging that the court of common pleas erred in overruling the demurrer to the answer of defendants, in sustaining the demurrer to the reply, and in rendering judgment for the defendants.

The only question arising in the case is whether or not the giving of a restitution bond under sec. 6722, authorizes an action upon the supersedeas bond executed by the defendants.

If no restitution bond had been given, the defendants would not be liable upon their bond while the case is pending in the Supreme Court; for while the liability of the principal was suspended, there can be no liability of the sureties.

As soon as the plaintiff obtained his judgment, he was entitled to an execution or any other process known to the law to enforce its collection.

As soon as a judgment debtor gave bail under sec. 6718, the right of the plaintiff to enforce his judgment was suspended.

His right was restored when the judgment was affirmed by the circuit court.

It became suspended again when the case was carried to the Supreme Court and a new bond given for stay of execution.

Under sec. 6722, when the plaintiff gave his restitution bond, he was authorized to enforce his judgment. How? By the same means he might have employed if no supersedeas bond had been given.

The bond of the defendants' operated to stay execution; the restitution bond of the plaintiff ended the stay.

The condition of the defendants' bond is that they will pay the judgment if affirmed.

The condition of plaintiff's restitution bond is, that he will make restitution to The Young Surgical Chair Company, in case of reversal; but the plaintiff proposes to enforce the judgment against the sureties, and to make restitution in case of reversal to the principal. That is the condition of his bond, and his sureties can stand upon the letter of their bond.

He claims that by giving his restitution bond, he worked a breach of the bond of the defendants; but sec. 6722 does not provide for a forfeiture of the supersedeas bond upon the giving of a restitution bond.

Section 6718 does not provide for a forfeiture of a bond given under it upon the giving of the bond provided for under sec. 6722.

In addition, it may be added that the condition of the bond of the defendants is as follows: The obligors undertake to the said F. E. Young, that The Young Surgical Chair Company will pay the condemnation money and costs, in case the judgment is affirmed. The judgment has not been affirmed. The sureties may stand on the letter of their bond.

While the plaintiff, by giving his restitution bond, was restored to his right to proceed against the principal debtor, he cannot touch the bond sued on until its conditions have been broken.

Judgment affirmed.

Mong & McCarty, for plaintiff in error.
Miller & Pomerene, for defendants in error.